IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REX BROWN, | § | |
| | § | Civil Action No. 8:11-cv-284 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | **AGREED PROTECTIVE ORDER** |
| WEST CORPORATION, | § | |
| A Delaware Corporation, | § | |
| | § | |
| Defendant. | § | |

Upon request of all the parties for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential," including but not limited to documents, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. The parties shall make such designation only as to the information that it in good faith believes contains confidential information.

3. "Qualified Persons," as used herein means:

    a. Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b. Actual or potential independent technical experts or consultants who have agreed to be bound by the terms of this protective order;

    c. The party or party representatives (in cases where the party is a legal entity) to whom it is necessary that the material be shown for purposes of litigation;

    d.    Any deponent and/or witness in this litigation; provided however that any deponent or witness who is shown confidential information (1) must be instructed to keep the information confidential consistent with the terms of this protective order and (2) may not be provided with copies of the confidential information except in the course of a deposition or in the context of meeting with attorneys of record for the parties in this litigation and employees of such attorneys.

    e.    Any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4. Documents produced in this action shall be designated as "Confidential" information by marking each page of the document(s) with a stamp stating "Confidential".

5. Information disclosed at the deposition of a party or one of its representatives, including former officers or agents, or the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential."

Once the party receives the transcript of the deposition, they shall notify all of the parties in writing within thirty (30) days of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

6. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

7. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the

"Confidential" information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If a party wishes to challenge the "Confidential" designation, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.

    If the dispute cannot be resolved, the objecting party may object to the designation in writing to the party who has designated the document or information as "Confidential". The designating party must then move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

    The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be regarded as "Confidential" information if it is information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been

designated in whole or in part as "Confidential" information by a party to this action.

13. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced, such orders shall continue to be binding after the conclusion of this litigation.

14. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

15. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

16. This Order shall be subject to modification by the Court at any time.

SIGNED this the 26th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

5

**AGREED:**


WEISBART SPRINGER HAYES, LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
(512) 652-5780
(512) 682-2074 Fax

By: /s/ Julie A. Springer
    Julie A. Springer
    jspringer@scottdoug.com
    Texas Bar No. 18966770

**ATTORNEYS FOR DEFENDANT
WEST CORPORATION**


DYER LAW, PC, LLO
10730 Pacific Street, Suite 111
Omaha, Nebraska 68114
(402) 393-7529
(402) 391-2289 Fax

By: /s/ Kelly K. Brandon
    Kelly K. Brandon
    kelly@dyerlaw.com
    Nebraska Bar No. 20734

**ATTORNEYS FOR PLAINTIFF**

5