```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

REX BROWN,                    )
                              )
              Plaintiff,      )         8:11CV284
                              )
     v.                       )
                              )
WEST CORPORATION, a Delaware  )         MEMORANDUM AND ORDER
corporation,                  )
                              )
              Defendant.      )
_____)
```

This matter is before the Court on plaintiff's Motion for Sanctions (Filing No. 126) and Objection to Magistrate Judge's Order (Filing No. 132).

I. Background

On November 5, 2012, this Court issued an order (Filing No. 85) on plaintiff's motion to compel (Filing No. 34). One of the issues addressed in that order was the sufficiency of West's search for Electronically Stored Information. The Court held that the litigation hold memo directing its employees to search for relevant materials was itself privileged but that much of the information surrounding the memo was not. Concerned that it could not make a determination of whether plaintiff's motion to compel was valid on the information available at that time, the Court ordered the defendant to provide plaintiff with many specific pieces of information about the searches defendant had

conducted.  The purpose of this disclosure was to lay bare the defendant's search process and expose any deficiencies that might be a basis for plaintiff's motion to compel a more stringent search of potentially relevant ESI for preservation.  On November 21, 2012, defendant sent a letter to plaintiff's counsel detailing the search process it undertook in an effort to respond to plaintiff's production request and explaining that West's system does not allow for a "global search" of all electronic information in West's possession.

The parties later submitted a joint proposal for resolution of production disputes to Magistrate Judge Thalken.  That submission specifically excluded disputes over compliance with this Court's November 5, 2012, order -- reserving for this Court all rulings regarding its prior order.  The plaintiff now seeks sanctions per Federal Rule 37(b), alleging defendant has failed to comply with the November 5, 2012, order.  In addition, plaintiff seeks to overturn the Magistrate Judge's order limiting additional discovery.

II. Sanctions

                            A. Legal Standard

Rule 37(b) provides a number of discretionary sanctions for failing to comply with a court's order compelling discovery.  Fed. R. Civ. P. 37(b).  Rule 37(b) also provides for attorney's

fees and other reasonable expenses for a "disobedient party." *Id.* Finally, the Court has an inherent power to impose sanctions for "willful disobedience of a court order" or "when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975)).

An adverse jury instruction, like the one requested by plaintiff, predicated on spoilation of evidence is only appropriate where the Court finds "intentional destruction indicating a desire to suppress the truth [and] prejudice to the opposing party." *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013).

B. Discussion

The Court's November 5, 2012, order recognized that plaintiff's Request No. 13 covered potentially relevant information. However, the Court did not grant plaintiff's motion to compel. Rather, the Court noted that "information relevant to the scope and depth of the preservation or the search must be disclosed in detail so that precise objections can be made and so that defendant's search can be effectively reviewed by this Court." *Brown v. W. Corp.*, 287 F.R.D. 494, 499-500 (D. Neb. 2012). While it is true that defendant has not explicitly

touched on each item in the Court's November 5, 2012, order, defendant's responses have addressed the substance of the Court's concerns by explaining the process by which West employees were directed to identify, preserve, and search potentially relevant materials.

Implicit in the order was that the defendant should produce any information touching on each enumerated category *if any exist*. For instance, to the extent that plaintiff complains that defendant failed to "elaborate on general categories of documents," he fails to recognize that defendant's letter indicated a communication to potential holders of ESI that they keep "any document, in any form, regardless of where it is stored, that may be related in some way to the allegations in the complaint or Mr. Brown and his employment at West." Defendant has complied with the Court's order to supply information about their document retention practices.

Plaintiff misapprehends the meaning of the order when he suggests defendant has failed to comply because it has not informed plaintiff of which sources were searched in response to his specific discovery requests. The order was aimed at identifying sources searched for potentially relevant information at the preservation stage, not at identifying the sources for later searches of preserved documents that occurred in response

to specific discovery requests.  Plaintiff agreed to submit further search disputes of the preserved information to the Magistrate Judge.  The November 5, 2012, order directed the defendant to provide sufficient evidence to overcome some concerns the Court had regarding its preservation and search protocols.  The defendant's responses allayed those concerns.  The order did not place an ongoing burden on the plaintiff to unequivocally establish the propriety of its searches.  Without further evidence from the plaintiff identifying specific materials that he believes are being withheld or that remain unproduced due to a flaw in defendant's search, the Court finds no reason to require more from the defendant by way of evidence of a proper search.

      Plaintiff also argues two spoilation issues.  First, that defendant failed to preserve information by allowing the automatic deletion of e-mails from West's servers, and second, by erasing data from the computers of three proposed custodians when they left West.

      Plaintiff's concern over defendant's failure to turn off the "auto-delete" functionality as part of its preservation efforts regarding e-mails on West's server appears to refer to e-mail backups that are kept on West's server for two weeks after creation.  Since this case was filed more than a year after

plaintiff's separation from West, no e-mails from the plaintiff's time at West existed in this two-week backup system.  This system did not affect any e-mails on the computers of the individual West employees who sent or received them.  The plaintiff does not appear to dispute that any e-mails remaining on the employees' computers were covered in defendant's preservation efforts. Plaintiff also argues that the deletion of back-up e-mails transmitted while the litigation was in process is problematic. Neither the Federal Rules nor the case cited by plaintiff[1] mandates that back-up copies of materials be preserved. Defendant has directed employees to save all relevant documents, including e-mails.  Plaintiff has failed to identify any relevant e-mails or category of e-mails that are not subject to defendant's preservation process or that have been deliberately destroyed in an attempt to thwart discovery.

      Plaintiff also takes issue with the destruction of files on three West computers that were used by employees that are no longer employed by West.  Defendant contends that these computers contained no relevant information that had not already been produced.  Given that the defendant appears to have acted in good faith by repurposing computers of former employees as a

---

[1] *Zubulake v. UBS Warburg, LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004).

regular business practice only after making a determination that all of the relevant information stored on those computers was preserved, the Court does not find an intent to suppress the truth.

Plaintiff has failed to show non-compliance with this Court's November 5, 2012, order or deliberate spoilation. Therefore, his motion for sanctions will be denied.

III. Magistrate Judge's Order

Plaintiff contends that the Magistrate Judge erred in failing to compel production of certain Electronically Stored Information ("ESI").

A. Standard of Review

Where a magistrate judge rules on a non-dispositive issue, a district court reviewing that order must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. C.I.R.*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Commissioner*, 926 F.2d 737, 740 (8th Cir. 1991). "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the

-7-

relevant law.  *Brooks v. Lincoln Nat'l Life Ins. Co.*, 8:05CV118, 2006 WL 2487937 (D. Neb. Aug. 25, 2006) (citing *Olais Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969).

B. Relevant Law

Under the Federal Rules of Civil Procedure, the plaintiff is generally entitled to "nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Generally, the Court must limit the extent of discovery under Rule 26(b)(2)© where the burden or expense of production outweighs the likely benefit.  *Id.* at 26(b)(2)(C)(iii).  The rules place an additional limit on discovery of ESI where the non-moving party shows the sources are not "reasonably accessible."  *Id.* at 26(b)(2)(B).

C. Discussion

I. Custodians

Plaintiff contends that "once a valid discovery request exists, it is Defendant's burden to prove that it has properly responded to said request."  In addition, plaintiff contends that "Judge Thalken found Plaintiff's Request for Production was a valid discovery request."  Thus, plaintiff argues that the Magistrate Judge erred by placing any burden on the plaintiff to justify additional custodians as part of further searches.

-8-

Though courts have on occasion ordered the responding party to provide evidence of a proper search where there was reason to question whether a proper search was conducted, the Court finds questionable the contention that the law places an independent burden on the responding party to provide such evidence in the regular course of discovery. Nevertheless, the propriety of the search was not the subject of the Magistrate Judge's order -- that was precisely the subject of this Court's November 5, 2012, order and section I above.

Rather, the Magistrate Judge's order found that plaintiff's discovery requests were sufficient to trigger a response from the defendant including the production of "relevant unprivileged responsive ESI." *Brown v. W. Corp.*, 8:11CV284, 2013 WL 4456556, *7 (D. Neb. Aug. 16, 2013). The analysis conducted by the Magistrate Judge regarding expanding the search to include additional custodians appropriately explored whether the requests should be limited due to the factors set out in the Federal Rules: relevance and the balance between likely benefit and the burden on the producing party. Fed. R. Civ. P. 26(b). Having reviewed the Magistrate Judge's findings and the underlying materials submitted by the parties, this Court does not find clear error or inappropriate application of the law. To the contrary, the Magistrate Judge reviewed the available evidence,

applied the appropriate Federal Rules, found that there was no evidence to suggest sufficient benefit to warrant the expansive scope of the requested discovery, and tailored the discovery to conform to the standards set out in the rules.  In addition, the Magistrate Judge recognized that some of the custodians may have relevant, discoverable information but noted that, given the type of information plaintiff seeks, a few pointed questions in a deposition were less burdensome than grasping at the periphery by reviewing thousands or tens of thousands of e-mails in the hope of discovering a limited number of interactions that might, together, indicate something about whether discrimination played a role in the actions at the center of this case.

To the extent that the Magistrate Judge placed a burden on the plaintiff to make a threshold showing of relevance or a showing that the requested discovery was likely to uncover relevant admissible materials, the Magistrate Judge was well within the law.  *See*, *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.").  The Magistrate Judge's finding that plaintiff failed to make that showing was not clearly erroneous.  Finally, having determined that much of

the requested discovery was irrelevant, no additional analysis was necessary regarding whether the "readily accessible" standard for ESI required additional limitations.  Therefore, the Magistrate Judge's decision not to apply the "readily accessible" standard was not a failure to apply the relevant law.

    II. Search Terms

As with the custodians, plaintiff asserts that the Magistrate Judge inappropriately placed the burden on him rather than defendant to put forward search terms that would capture relevant, discoverable ESI.  Again, plaintiff misapprehends the Magistrate Judge's order.  Defendant has already produced extensive discovery materials.  The issue before the Magistrate Judge was whether additional production was appropriate.  In support of his motion to compel production of additional materials, plaintiff suggested search terms that he believed should have been included as part of defendant's search of the preserved ESI.  Again, the Magistrate Judge's analysis addressed not the propriety of the defendant's search protocol -- a subject reserved by both parties for this Court -- but the relevance of the materials expected to be produced by the expanded search and the burden of that search as weighed against the likely benefit.  The Magistrate Judge applied the appropriate discovery rules to the disputed issue.  The Magistrate Judge denied use of some of

plaintiff's additional terms because he was unpersuaded that these "terms have any connection to the facts of the plaintiff's lawsuit such that a search using those terms would reveal relevant discovery." As with the custodians, the Magistrate Judge's finding that plaintiff failed to make a threshold showing of relevance was not clearly erroneous.[2]

IT IS ORDERED:

1) Plaintiff's motion for sanctions is denied.

2) Plaintiff's objections to the Magistrate Judge's order are overruled.

3) Plaintiff's request for court ordered mediation is denied.

4) Plaintiff's request for an "Order of Cooperation" is denied.

5) Plaintiff's request for a hearing is denied as moot.

DATED this 4th day of December, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] Plaintiff also notes that the Magistrate Judge did not specifically address the terms "Rex" or "Rex Brown." The term "Rex Brown" has already been used in searching the ESI of the remaining custodian John Thielen. Therefore, no further analysis or ruling on these terms is necessary.