IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
REX BROWN,                       )
                                 )
            Plaintiff,           )        8:11CV284
                                 )
      v.                         )
                                 )
WEST CORPORATION, a Delaware     )        PROTECTIVE ORDER
corporation,                     )
                                 )
            Defendant.           )
_____)
```

This matter is before the Court on the motion of plaintiff Rex Brown ("Brown") for a protective order (Filing No. 166). Plaintiff seeks to prevent defendant West Corporation ("West") from deposing Brown's subsequent employer Aegis Communications, Inc. ("Aegis").

Background

West contends that it seeks the requested deposition for only two purposes: (1) to gather information supporting West's burden on the issue of whether Brown made the appropriate efforts in mitigating his damages; and (2) to pursue allegations that Brown has attributed loss of wages to Aegis -- wages that he has also claimed as damages in the present case against West. Because West limits its arguments to these issues, the Court will limit its analysis to addressing whether a protective order is appropriate to block discovery on these narrow grounds. The

information sought appears to fall into two main categories: (1) the circumstances of Brown's performance that led to his termination; and (2) details of Brown's discrimination charge against Aegis. Plaintiff objects on the grounds of relevance, the cumulative nature of the discovery, that the discovery is sought only to harass the plaintiff, and the potential for undue confusion of the jury.

Discussion

West's mitigation of damages defense is inextricably linked to Brown's performance at Aegis and the reason for his termination. "A Title VII claimant has a duty to mitigate damages by exercising reasonable diligence to locate other suitable employment *and maintain a suitable job once it is located*." *E.E.O.C. v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992) (emphasis added). If Brown was terminated because he failed to "exercise reasonable diligence" in maintaining his employment at Aegis, West can argue that they are not responsible for part of the period of unemployment that Brown attributes to a discriminatory termination by West.[1] What is not

---

[1] Even if, as plaintiff contends, the standard for tolling back pay due to loss of interim employment is higher than failure to exercise reasonable diligence, defendants are entitled to discovery on the circumstances of the termination to determine if such circumstances meet that standard.

relevant to this inquiry is Brown's application, orientation, and training as they do not relate to his performance.

Likewise, if Brown has alleged that Aegis is liable for future wages because Brown's termination from Aegis was also based on discrimination, information supporting that theory would also be relevant to the damages attributable to West in the present case. Moreover, Brown's assertion that Aegis is responsible for a certain period of back pay would be inconsistent with a position taken in this case that West is responsible for the same time period.

Brown has voluntarily submitted to an additional deposition concerning his termination from Aegis and has allowed Aegis to produce his personnel file. While these are important pieces of evidence bearing on these issues, they do not so comprehensively and exhaustively cover the issue as to make the deposition of a non-party unnecessarily cumulative.

Plaintiff has provided no evidence that defendants seek this discovery simply to harass the plaintiff. Further, the fact that plaintiff is no longer employed by Aegis reduces any potentially harassing effect that might have flowed from deposing a current employer.

Plaintiff also argues that further discovery into this issue will result in a "trial within a trial" that will tend to

confuse the jury. Damages are an integral part of the trial, and the defendant has a right to pursue evidence that supports its mitigation defense. Any foreseeable confusion at this point is outweighed by the right of the parties to fairly present their case. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for a protective order is granted as to the issues of plaintiff's application, orientation, and training.

2) The remainder of plaintiff's motion for a protective order is denied.

DATED this 5th day of February, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court