IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
REX BROWN,                    )
                              )
           Plaintiff,         )        8:11CV284
                              )
     v.                       )
                              )
WEST CORPORATION, a Delaware  )        MEMORANDUM AND ORDER
corporation,                  )
                              )
           Defendant.         )
_____)
```

This matter is before the Court on the motion of the defendant West Corporation ("West") to exclude the testimony of Dr. Brian H. Kleiner (Filing No. 196). Plaintiff Rex Brown intends to use Dr. Kleiner's expert testimony regarding human resource practices to support Brown's claims of disparate treatment by showing that West's actions toward Brown did not conform to standard human resource practices or West's own policies. Defendant West Corporation seeks the exclusion of the testimony and report on the basis that Dr. Kleiner's testimony is irrelevant and unreliable and on the basis that expert testimony is not necessary to the jury's understanding of these issues. The Court finds that the motion should be granted.

### A. Legal Standard

Federal Rule of Evidence 702 places limitations on the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>     (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>     (b) the testimony is based on sufficient facts or data;
>
>     (c) the testimony is the product of reliable principles and methods; and
>
>     (d) the expert has reliably applied the principles and methods to the facts of the case.

Trial courts "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93. Specifically, the Court should consider where applicable the factors set forth in *Daubert*: whether the experts method (1) has been or can be tested, (2) "has been subjected to peer review," (3) "has a known or potential rate of error," and 4) have gained general

acceptance in the relevant community.  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).  However, the factors should be applied in a flexible manner that takes into consideration the circumstances of the case.  *Daubert*, 509 U.S. at 594-95.

The Court must also consider other applicable rules, including Federal Rule of Evidence 403 which balances the probative value of certain evidence against its potential to prejudice the trier of fact.  *Id*.

### B. Analysis

The central premise of the disputed testimony is Kleiner's opinion that:

> The defendant's treatment of Mr. Brown prior to his resignation was inconsistent with appropriate human resource management practice generally and its own policy to provide equal employment opportunities and fair treatment of all employees specifically.

West contends that Dr. Kleiner's opinion is not based on any recognizable methodology, particularized knowledge, or expertise, but rather consists of a blanket conclusion he reached after reviewing specific facts of the case and deposition testimony of the plaintiff and West's employees.

The Court agrees with the defendant that Dr. Kleiner's report offers only a conclusory statement without expressly establishing or applying any industry standard. It consists mostly of a recitation of certain facts and deposition excerpts. In addition, to the extent that Dr. Kleiner simply compared evidence of West's actions to West's employment policies, the jury is capable of making such a comparison without the aid of expert opinion.

The lack of a need for expertise is borne out by the nature of Dr. Kleiner's analysis. While the Court accepts that Dr. Kleiner is qualified as an expert in human relations and that he may be qualified to perform a "content analysis" consistent with its usage in human resource management, the only analysis apparent from Dr. Kleiner's report does not reflect his claimed area of expertise. After the numerous citations to specific deposition excerpts, paragraphs nine and ten of Dr. Kleiner's report question the reasonableness of the sales expectations placed on Brown given the economic climate and opines on the criteria for assessing the success and potential of employees in a sales position at West in such a climate. Paragraph eleven directly questions the credibility of one of West's employees who will likely testify at trial, invading the province of the jury. And in paragraphs twelve and thirteen, Dr. Kleiner weighs in on

John Thielen's motivations in his treatment of Brown, coming dangerously close to invading the province of the jury on the issue of discrimination: "At this point it appears that it obviously seemed easier for Mr. Thielen to get rid of Mr. Brown than to listen and understand him and make serious efforts to address his complaints regarding the 'double standard within the sales organization.'" and "Thus, the use of this tactic by Mr. Thielen can be more accurately understood as a threat to Mr. Brown than as severance pay to him, for which Mr. Thielen should have been disciplined." Further, even the citations to deposition excerpts contain subtle interpretations that are not substantiated by any analysis. For example Dr. Kleiner cites Mr. Thielen's deposition with quotation marks around certain words implying that the statement is not credible or genuine: "[John Thielen] 'liked' Mr. Brown, as reflected by his above treatment of him."

Thus, introduction of the expert report and testimony threaten to place too much emphasis on or lend undue credibility to the interpretation of certain evidence without aiding the jury's understanding of its significance or providing expertise that justifies the interpretation. *See United States v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996) ("[W]hen the layman juror would be able to make a common sense determination of the issue without

the technical aid of such an expert, the expert testimony should be excluded as superfluous.").

In addition, the Court has reviewed Dr. Kleiner's affidavit and could not find any evidence of actual analysis except for passing references to "my analysis" by Dr. Kleiner. This leaves the Court with no way to assess whether Dr. Kleiner has "reliably applied the principles and methods to the facts of the case." Therefore, under both Rule of Evidence 702(b) and Rule 403, the expert report and testimony should not be admitted. Accordingly,

IT IS ORDERED that defendant's motion to strike the opinions and exclude the testimony of Dr. Brian H. Kleiner (Filing No. 196) is granted.

DATED this 1st day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court