IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
REX BROWN,                       )
                                 )
            Plaintiff,           )       8:11CV284
                                 )
      v.                         )
                                 )
WEST CORPORATION, a Delaware     )       MEMORANDUM AND ORDER
corporation,                     )
                                 )
            Defendant.           )
_____)
```

This matter is before the Court on the motion of the plaintiff Rex Brown ("Brown") to exclude certain evidence from trial to be offered by West Corporation ("West") (Filing No. 250).

**I. Evidence of Performance at Subsequent Employers Other than Length of Time Worked and Pay Rate**

Plaintiff's objections to Mullen's testimony based on Federal Rules of Evidence 404(a) and 406 misunderstand the exclusionary scope of those rules. Rule 404(a) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Significantly, the rule only excludes evidence of a person's character if it is used "to prove" conduct in conformity with the character trait in question. The exclusion of character evidence in Rule 406 is similarly structured. Neither rule prohibits evidence that

reflects on a person's character or habits if that evidence is offered to prove a non-prohibited fact -- such as here, where the defendant seeks admission of the evidence to support their claim that plaintiff failed to mitigate his damages.

The Court finds that wholesale exclusion of Mullen's testimony is inappropriate. Appropriate limitations are reflected in the Court's rulings on the deposition testimony.

**II. Testimony/Evidence that is Inconsistent with 30(b)(6) Testimony**

Plaintiff anticipates that defendant will attempt to introduce testimony that goes beyond information defendant claimed to have when questioned in its 30(b)(6) deposition. Plaintiff argues that defendant should be bound by the scope of the answers given by its corporate representatives because allowing an enlargement of those answers now would be prejudicial. Indeed, a number of courts that addressed the issue have held that a corporation is bound to the scope of 30(b)(6) answers including claims of ignorance, though some courts consider whether the information was not known or inaccessible at the time. *See, e.g., QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 27 F.R.D. 676, 690-91 (S.D. Fla. 2012); *Rainey v. American Forest and Paper Ass'n Inc.*, 26 F.Supp. 2d 82, 94 (D.C. 1998); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

However, plaintiff has failed to consider the full breadth of the discovery process in this case. Following the deposition, plaintiff filed a motion to compel regarding what he perceived as insufficient responses. The Court granted some of those requests, and the defendant responded. Strangely, after asking the Court to compel this evidence, plaintiff now seeks to exclude it. On the other hand, the Court also denied many of plaintiff's requests because it appeared that West had made a good faith effort to prepare its witness to respond to plaintiff's broad and often vague 30(b)(6) categories. In addition, the Court authorized a subsequent 30(b)(6) deposition for plaintiff to cover the same ground with more specific categories. Plaintiff's counsel consistently asked specific factual questions in the deposition and refused the representative's offers to use documents to refresh his memory. While 30(b)(6) deponents have an obligation to adequately prepare, depositions under 30(b)(6) are not meant to be traps in which the lack of an encyclopedic memory commits an organization to a disadvantageous position.

Though West remains bound to the answers its representatives gave at the 30(b)(6) deposition, under the circumstances, it is not appropriate to exclude all evidence produced subsequent to the 30(b)(6) deposition. Some topics were

-3-

clear at the time of the original deposition and were not subject to further compelled discovery by the Court. West's notice on these topics justify holding defendant to its representative's answers at the deposition and to those answers alone. This does not prohibit defendant from admitting evidence in support of its testimony, but it cannot be allowed to expand the scope of its answers.

**III. Evidence of Litigation or Discrimination Charges Unrelated to This Matter**

Defendant does not oppose a limitation on this material.

**IV. Evidence Not Disclosed in Discovery or Seasonably Supplemented in Discovery**

A. Comparators

Plaintiff has failed to provide evidence that defendant failed to timely disclose comparators or that defendant refused to make certain comparators available for deposition. The record supports defendant's contention that Dennis Maple, in particular, was disclosed in a deposition as someone who had been put on a performance improvement plan and that defendant disclosed him as a witness as soon as his existence and relevance became clear. The importance of this evidence to the case and plaintiff's subsequent discovery opportunities regarding the details of Maples' employment also weigh in favor of admission.

B. Orientation and Training Materials

Plaintiff has failed to show that defendant failed to timely disclose Exhibit 807.  It appears that the exhibit was produced to plaintiff on January 16, 2014 -- before the end of discovery.

The orientation materials were disclosed after the discovery deadline.  Defendant made an employee available for a deposition regarding the contents of the materials and why they were only recently discovered.  Plaintiff took the deposition of that employee.  There is little or no prejudice in allowing the introduction of these materials.  Defendant has long contended that plaintiff received these materials, late production of the materials themselves presents no undue surprise or strategic disadvantage.  The fact that this evidence only supports West's assertion that Brown received the materials through an inference about their procedures goes to the weight of the evidence, not its admissibility.

**V. Settlement Offers or Discussions; VI. Evidence of Receipt of Unemployment Compensation; VII. Opinion Testimony of Employees Who Believe They Were not Discriminated Against; VIII. Evidence Not Previously Disclosed In Discovery And Produced To Date; IX. Inquiries As To When Plaintiff Contacted Or Retained An Attorney Or Sought Legal Advice From Any Attorneys; X. Evidence of So-Called "Good Character" Of Defendant Company Or Defense Witnesses**

Defendant does not oppose a limitation on this material.

**XI. Deposition Errata Sheets where Substantive Changes to Testimony are Made**

The Courts have inconsistently interpreted the meaning of Rule 30(e)'s allowance for a deposed witness to make "changes in form or substance" to their deposition testimony. *See ADT Sec. Servs., Inc. v. Swenson*, CIV 07-2983 JRT/AJB, 2010 WL 276234, *6-*8 (D. Minn. Jan. 15, 2010) *aff'd in part, rev'd in part on other grounds*, *ADT Sec. Servs., Inc. v. Swenson*, CIV. 07-2983, 2010 WL 2954545 (D. Minn. July 26, 2010) (compiling cases). This Court is persuaded by the reasoning of the District Court of Minnesota: Since the language of the Rule does not provide for judicial checks on the changes deponents wish to make, and since, as a practical matter, the original answer will remain a part of the deposition which can be presented at trial, the Court should not exclude the changes submitted by the deponents.

**XII. Select Exhibits offered by Defendant should be Excluded**

A. Exhibits 814, 867, 906, 934, 1132, and 1185

These emails contain out of court statements by individuals who are not expected to testify at trial. However, to the extent that they are being used as evidence of John Thielen's motivations for counseling Brown on his performance, they are not being used to prove the truth of the matter asserted and are relevant to rebut plaintiff's claims of discriminatory motives.

The Court rejects the assertion that emails among West employees fall under a per se exception to the hearsay rule as business records. Rather, each email must be analyzed to determine whether it meets the elements of the business record exception and whether any additional statements within the emails require a separate exception. *See*, *United States v. Cone*, 714 F.3d 197, 219-20 (4th Cir. 2013) (rejecting emails as per se business records); *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2012 WL 85447 (E.D. La. Jan. 11, 2012) (rigorously applying elements of the business records exception to emails). Therefore, the Court will reserve ruling on whether the emails can be admitted for any other purpose than as evidence of Thielen's motivations.

The Court will also reserve ruling on plaintiff's 403 objections until trial.

B. Exhibits 1186, 1187, and 1188

Plaintiff's bare assertion that evidence of West putting employees on PIN plans after Brown's departure is "irrelevant and unduly prejudicial" is unconvincing. The Court sees no obvious reason that comparable treatment after Brown's departure would be prejudicial.

C. Exhibits 1191-1193, 1195-1199, 1200-1201, 1204, and 1205

The relevance of these documents appears to be contingent on the facts and arguments brought forth at trial. Therefore, the Court will reserve judgment until the evidence is introduced during the course of the trial.

D. Exhibit 1226

Plaintiff seeks exclusion of this chart adopted as accurate by Brown in his deposition because it would be prejudicial, would confuse the jury because it conflicts with Brown's expert's report on damages, and because it is irrelevant. The Court has little doubt that admitting evidence that contradicts Brown's current damages calculation, especially evidence from Brown's own lips, will cause confusion for the jury. However, the point of Rule of Evidence 403 is not to exclude evidence because it contradicts a party's position.

Rather the rule is meant to balance the relevance of any given evidence against "unfair prejudice", that is *unfair or unwarranted* inferences that it might create in the minds of jurors. It is hard to imagine how the plaintiff's own admission made in the context of a deposition in this case would cause unfair prejudice. It is also clear that a chart produced by plaintiff to describe the sales he expected to make and the associated commissions is relevant to plaintiff's claim of damages for lost compensation as well as plaintiff's ability or inability to qualify and value potential sales, one of the reasons West has put forward to rebut Brown's claim of a discriminatory motive.

E. Exhibit 1229

Though the Court has already addressed evidence regarding Dennis Maples, defendant has failed to make a showing that the other comparators listed in its supplemental answers to plaintiff's first set of interrogatories were identified before the discovery deadline or that their late disclosure is substantially justified. Since Exhibit 1229, in its current form, lists other comparators, it must be excluded.

Accordingly,

IT IS ORDERED:

1) Regarding West's 30(b)(6) deposition testimony:

   a) Defendant shall not be permitted to present reasons for placing Brown on a Performance Improvement Notice beyond those stated in the PIN, poor presentation skills, and a lack of urgency.

   b) The reasons for choosing to discontinue pursuit of Brown's opportunity with ONCOR.

2) Neither party nor their representatives, employees, or witnesses shall mention or reference litigation or discrimination charges unrelated to this matter, including any charges Brown may have filed against Aegis.

3) Plaintiff's objections regarding the admission of comparator evidence for comparator Dennis Maple, is overruled.

4) Plaintiff's objection regarding the exclusion of Exhibit 807 on the basis that it is untimely is overruled.

5) Plaintiff's objection regarding defendant's late-produced orientation materials is overruled.

6) Plaintiff's objection to the introduction of deposition errata sheets is overruled.

7) Plaintiff's objections regarding:

   a) Evidence of Litigation or Discrimination Charges Unrelated to This Matter;

-10-

      b) Settlement Offers or Discussions;

      c) Evidence of Receipt of Unemployment Compensation;

      d) Opinion Testimony of Employees Who Believe They Were not Discriminated Against;

      e) Evidence Not Previously Disclosed In Discovery And Produced To Date;

      f) Inquiries As To When Plaintiff Contacted Or Retained An Attorney Or Sought Legal Advice From Any Attorneys; and

      g) Evidence of So-Called "Good Character" Of Defendant Company Or Defense Witnesses;

are unopposed and are therefore sustained.

      8) Plaintiff's hearsay objections regarding Exhibits 814, 867, 906, 934, 1132, and 1185 are overruled as to admission for the purpose of showing John Thielen's motivations. The Court reserves ruling on their introduction for other purposes or under the business records exception to the hearsay rule.

      9) Plaintiff's relevance objections to Exhibits 1186, 1187, and 1188 are overruled.

      10) The Court will reserve rulings on Exhibits 1191-1193, 1195-1199, 1200-1201, 1204, and 1205 until trial.

      11) Plaintiff's relevance objection to Exhibit 1226 is overruled.

12) Plaintiff's objection to Exhibit 1229 is sustained except as to comparator Dennis Maples.

DATED this 6th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court