```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA
REX BROWN,                      )
                                )
              Plaintiff,        )        8:11CV284
                                )
       v.                       )
                                )
WEST CORPORATION, a Delaware    )        MEMORANDUM AND ORDER
corporation,                    )
                                )
              Defendant.        )
_____)
```

This matter is before the Court on the motion of the defendant West Corporation ("West") to exclude certain evidence from trial offered by Rex Brown ("Brown") (Filing No. 242).

**I. References to or Documents about West Security Guard Robert Henderson**

Robert Henderson's relevance to this case is slim, and ultimately unsupported. Henderson, who is alleged to have a connection to the KKK, was hired as a security guard at the time that Skip Hanson was Chief Administrative Officer at West. Hanson was also involved in the decision to make pursuit of one of Brown's sales opportunities contingent on an allegedly unprecedented minimum commitment for purchases by the prospective client. Plaintiff argues that Hanson's involvement in the hiring of Henderson tends to prove that his motivations in discontinuing pursuit of certain sales opportunities produced by Brown were based on race. Despite West's production of a list of people

involved in hiring Henderson -- which did not include Hanson -- and Hanson's testimony that he had no knowledge of the decision to hire Henderson, plaintiff maintains that Hanson *was* involved or had knowledge of Henderson's hiring.  Plaintiff also fails to make any showing that anyone at West was aware of Henderson's alleged connection to the KKK at the time of his hiring.  The connection is thin and unsupported by any evidence beyond circumstance an plaintiff's assertions.

On the other hand, introduction of evidence regarding Henderson threatens significant prejudice.  Given that any mention of the highly inflammatory organization KKK in connection to the defendant will almost certainly create an unfair impression in the minds of the jurors, the threat of prejudice substantially outweighs the marginal and tenuous probative value to the central issues of this case.

**II. Voice mail to Plaintiff from Former West Employee, Troy Eaden, Made After the Lawsuit Was Filed and Without the Knowledge or Direction From Any West Employee**

Troy Eaden is a former employee of West who, eighteen months after Brown's separation from West, left a voice mail for Brown voicing his disappointment regarding Brown's lawsuit and threatening that Brown would not work in Omaha again.  Because Eaden was informed of the lawsuit by Mike Sturgeon, plaintiff intends to use the phone call to shed light on Sturgeon's motives

-- specifically, Sturgeon's alleged intent to retaliate against Brown for making complaints of discrimination while Brown was working at West.  This evidence is far afield from any direct evidence of Sturgeon's motivations:  the only connection to Sturgeon is that Sturgeon called Eaden about the litigation some time before Eaden called Brown and that Eaden referenced some of the same performance concerns that Sturgeon mentioned in his deposition testimony.  Further, the voice mail from Eaden was left long after the events at issue in this case.  On the other hand, a threatening voice mail by a former West employee is highly prejudicial.  The probative value is substantially outweighed by the danger of unfair prejudice.

**III. Evidence that Steve Stangl referred to African Americans as "Canadians"**

The "evidence" of this statement amounts to little more than attorney argument.  It is only marginally probative and substantially prejudicial.

**IV. Reference To Negative Comments About President Obama**

The case cited by plaintiff on this issue does not support admitting general evidence that West decision makers criticized President Obama.  Rather that case stands for the proposition that "racially discriminatory" remarks about the President might be relevant to animus toward African Americans in

general. *Smith v. Interim HealthCare of Cincinnati, Inc.*, 1:10-CV-582, 2011 WL 6012971 (S.D. Ohio Dec. 2, 2011). General criticism of an African American President does not provide the same potential for insight into motivations.

**V. Reference to the West's Attorneys Being from Out-of-State**

The fact that West's attorneys are not from Omaha has no probative value. Accordingly,

IT IS ORDERED:

1) Defendant's motion to exclude evidence regarding West Employee Robert Henderson is granted.

2) Defendant's motion to exclude the voice mail of Troy Eaden to plaintiff is granted.

3) Defendant's motion to exclude evidence that Steve Stangl referred to African Americans as "Canadians" is granted.

4) Defendant's motion to exclude evidence regarding criticism of President Obama that did not include racially discriminatory remarks is granted.

5) Defendant's motion to preclude plaintiff from referring to West's attorneys as being from somewhere other than Omaha is denied.

6) The balance of defendant's motion is denied without prejudice to the defendant making further objections at trial.

DATED this 6th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court